405 F.2d 1371
 132 U.S.App.D.C. 101
 PACIFIC AND SOUTHERN COMPANY, Inc., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee, Webb, Inc.,
Howard C. Gilreath tr/as Radio Metter, Evelyn Whitford, and
Wendell Hansen d/b/a Menomonie Broadcasting Co., Tuscola
Broadcasting Company, Tri-W Broadcasting, Inc., Radio Olean,
Inc., Techeland Broadcasting, Inc., Intervenors.
 No. 21633.
 United States Court of Appeals District of Columbia Circuit.
 Argued Sept. 18, 1968.
Decided Dec. 10, 1968.
 
 Mr. Harry M. Plotkin, Washington, D.C., with whom Mr. Peter Tannenwald was on the brief, for appellant.
 Mr. Joseph A. Marino, Counsel, Federal Communications Commission, for appellee. Messrs. Henry Geller, General Counsel, and John H. Conlin, Associate General Counsel, Federal Communications Commission, were on the brief for appellee. Mrs. Lenore G. Ehrig, Counsel, Federal Communications Commission, also entered an appearance for appellee.
 Mr. John H. Midlen, Washington, D.C., with whom Mr. John L. Martin, Washington, D.C., was on the brief, for intervenor Menomonie Broadcasting Co., argued for all intervenors.
 Messrs. James E. Greeley and Edward S. O'Neill, Washington, D.C., entered appearances for intervenor, Webb, Inc.
 Mr. John H. Midlen, Washington, D.C., entered an appearance for intervenors, Howard C. Gilreath tr/as Radio Metter, Evelyn Whitford and Wendell Hansen d/b/a Menomonie Broadcasting Co., Tuscola Broadcasting Co. and Tri-w, Broadcasting, Inc.
 Messrs. James A. McKenna, Jr., and David S. Stevens, Washington, D.C., entered appearances for intervenors, Radio Olean, Inc., and Techeland Broadcasting, Inc.
 Before WRIGHT, MCGOWAN and ROBINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The origins and background of this statutory review proceeding are fully set out in Judge Friendly's comprehensive opinion in WBEN, Inc. v. United States, 396 F.2d 601 (2d Cir.), cert. denied, 393 U.S. 914, 89 S.Ct. 240, 21 L.Ed.2d 200, (1968). That case sustained, as against a challenge in which appellant here participated, the validity of a rule promulgated by the Federal Communications Commission on June 28, 1967, in the exercise of its rule-making powers. The rule in question (47 C.F.R. 73.99) changed the distribution of authority for the conduct of presunrise operations by certain classes of radio stations. It provided that requests for presunrise authority (PSA) under certain circumstances should be treated as proposals for minor changes in existing facilities and, as such, were not subject to the procedural requirements or remedies applicable to requests for new facilities or for major changes in existing facilities. This meant that protests against such presunrise requests need not be given full-dress hearings.
 
 
 2
 Appellant is the licensee of WSAI, a radio station in cincinnati. The Commission in October, 1967, under its new rule, granted presunrise authority to 37 stations operating on the same frequency as WSAI. Appellant, coincidental with its challenge to the rule in the Second Circuit, filed a petition with the Commission for reconsideration of the 37 individual grants, and now seeks review of the Commission's order denying that petition.
 
 
 3
 In its petition for reconsideration to the Commission, and in its main brief here, appellant argued that it was improper for the Commission to act without holding hearings to determine whether, in appellant's words, 'the interference caused by the PSA's was outweighed by the gains in service which would result from the PSA operations.' The Commission's failure so to proceed is asserted by appellant to violate certain provisions of the Communications Act and the Commission's Rules relating to hearings. But these procedural claims were also pressed upon the Second Circuit, and rejected by it for reasons which we find fully persuasive. To the extent, therefore, that the appeal immediately before us is simply an attack upon the rule paralleling that already made without success in our sister circuit, we find it to be unavailing. Our own acceptance of the general principle that regulatory agencies may on occasion validly dispatch their business by rule-making rather than by individual adjudication is clear. Pacific Coast European Conference v. Federal Maritime Commission, 126 U.S.App.D.C. 230, 376 F.2d 785 (1967). We have no difficulty with the Second Circuit's application of that principle in this instance.
 
 
 4
 At the oral argument before us, counsel for both appellant and the Commission appeared content to have the matter disposed of as if appellant had applied to the Commission for a waiver of the rule. This kind of relief is, as Judge Friendly explicitly recognized in WBEN, Inc., always a possibility where a showing of special circumstances is made. But this was not the relief sought from the Commission, nor the relief denied by it. We think it inappropriate for us to consider the merits of an application which has not been addressed to the Commission and, after due consideration, disposed of by it.
 
 
 5
 For the first time in the reply brief in this court, appellant has drawn distinctions between the 37 stations given rights on its frequency, and has appeared to depart appreciably from the blanket attack on these grants made in the petition for reconsideration. We do not purport to decide what merit there may be in these differentiations, and we express no views on whether some or any of them may or may not provide an appealing basis for the modification or waiver by the Commission of its rule. Without prejudice to any approach of this nature appellant may see fit to make hereafter, the appeal before us is denied and the order under review affirmed.
 
 
 6
 It is so ordered.